## ENOCH PERKINS *vs.* MILTON YOUNG.

Evidence that a promissory note, which in terms is payable absolutely, was given for money paid under an agreement made between the maker and the payee, at the time of forming a copartnership together, by the terms of which the payee was to pay to the maker a certain sum of money, upon the receipt of the whole of which the maker was to convey to the payee an undivided half of the partnership property, and receive back the note; that the parties afterwards, as copartners, carried on business and used in it the money for which the note was given; and that the maker had always been ready to convey half of the partnership property to the payee, upon receipt of the balance of the sum agreed upon, but the latter had refused to pay the remainder of that sum; is not admissible in defence of an action on the note by the payee.

It is no defence to an action brought by the indorsee against the maker of a promissory note, payable on demand, that the maker and payee are or have been copartners in business, and that the accounts between them are unsettled.

ACTION OF CONTRACT by the indorsee upon a promissory note, dated November 20th 1858, for one hundred dollars, payable to James Perkins or order on demand.

Answer, " that at or before the date of said note the defendant and one James Perkins, the defendant being then the owner

of certain express property, formed a copartnership, by the terms whereof, amongst others, said James Perkins was to pay the defendant the sum of nine hundred dollars or thereabout, and on the payment thereof to receive from the defendant a bill of sale of one undivided half of said express property: that in pursuance of said contract of copartnership said James Perkins paid to the defendant about two hundred and sixty five dollars and no more, for which he received two notes, one of which was the note declared on, as vouchers or receipts for the money so paid in pursuance of said partnership agreement, and it was so understood and agreed by the parties; and it was further understood and agreed that said notes were to be delivered up and cancelled on the delivery of said bill of sale to the said James Perkins by the defendant, on said James Perkins's compliance with his agreement to pay said nine hundred dollars or thereabout; that the money so paid by said Perkins was appropriated to the use of the partnership; that said Perkins, in pursuance of said agreement, became a member of said firm, and for several months took an active part in its business, and received and appropriated its funds to his own use as well as to the use of said firm, and became entitled to his share of the profits, and liable for its indebtedness, but neglected and refused to make further payments in execution of said partnership agreement, although the defendant is, was, and ever has been ready and willing to comply with the terms thereof, on his part to be performed; that said partnership accounts are still unsettled; and said Perkins has withdrawn from the firm, and refuses to perform his duties relative thereto."

At the trial in the superior court, the making and indorsement of the note were admitted; and the plaintiff objected that the facts alleged in the answer were inadmissible in evidence, and, if proved, would constitute no defence to the action. *Brigham*, J. sustained the objection, and directed a verdict for the plaintiff, and the defendant alleged exceptions.

*J. W. May*, for the defendant. The note being payable on demand, the maker may avail himself of all the equities between himself and the payee.

The evidence was admissible. It did not go to show that the note was anything different from what it purports to be, or in any way to vary or contradict its terms; but only that there was a collateral agreement, for the most part verbal, but a part of which, namely, the note, was in writing. 1 Greenl. Ev. § 284 *a*. *Lewis* v. *Gray*, 1 Mass. 297. *Barker* v. *Prentiss*, 6 Mass. 430. It also showed that there was no consideration for the note; for the money paid to the defendant for which the note was given was due to him under the partnership agreement, and so his money as soon as paid to him. Even if there was a consideration for the note, it was paid by the execution on the part of the defendant of the copartnership agreement. *Crosman* v. *Fuller*, 17 Pick. 171. Perkins was admitted to the partnership, participated in its business, received and appropriated its funds. The defendant was always ready to perform his part of the agreement, and was prevented only by the refusal of Perkins to perform the condition precedent of paying the balance due. This readiness of the defendant, coupled with the refusal of Perkins, was tantamount to an execution by the defendant.

If the note was not paid, it is in the nature of an item in a partnership account upon which nothing would be found due on settlement; and the remedy of the plaintiff would be in equity.

*W. Gaston*, for the plaintiff.

Dewey, J. We consider the note as liable to the same defence as if in the hands of the original payee. It is however an absolute promise to pay James Perkins or order one hundred dollars on demand. No defence that would not be open to such an absolute promise in writing to pay money is open here. The defendant seeks to make this absolute note a conditional one, and to establish that condition by oral evidence. The alleged condition was, that it was understood and agreed that the note was to be delivered up and cancelled on the delivery of a certain bill of sale by the defendant to said James Perkins, on his compliance with his agreement to pay a certain sum of money. It is not contended that the same has been discharged

by any actual delivery and acceptance of such bill of sale, but by his failure to pay a sufficient sum of money to entitle him to a bill of sale. The parties might have made a conditional agreement and so written this promise; or they might have made it, as it is now contended the original character of the transaction was, a payment of money for which a receipt was to be given as so much paid upon a contract for the sale of a certain interest in a certain express property. But as they did not adopt that mode, but resorted to the form of an absolute promissory negotiable note, we must suppose that the parties did not make that application of the money, and that was to be left for future action, and that in the mean time the relation of the parties as to the money received by the defendant was to be that of an absolute promise to pay to James Perkins or order that amount on demand. As the parties elected to treat this as money for which an absolute promise was given, this contract cannot now be varied or controlled by oral testimony. This subject has been often ruled upon by this court, and it is sufficient now to refer to the recent case of *Allen* v. *Furbish*, 4 Gray, 504, and cases there cited.

It was suggested at the argument, that this note being payable on demand, the defendant might avail himself of the equities between James Perkins and himself. The case seems to furnish no ground for setting up in defence to this action any equities between the original parties, arising from any other dealings or indebtedness of James Perkins to the plaintiff, except such as arose from the partnership relation under which they are alleged to have practically carried on business. These accounts have never been adjusted, and are now wholly unsettled, and cannot avail the defendant for the purpose for which they are offered.

The original consideration of the note was sufficient, being for so much money paid by the payee, for which the defendant gave him this note. *Exceptions overruled.*